## Benj. L. T. Bourland and James Deal v. The Springdale Cemetery Association and Hervey Lightner.

1. CEMETERIES—*Rights of Lot Owners to an Inspection of the Books.* —Lot owners in the Springdale Cemetery Association of Peoria, have no right to an inspection of the books and to have an account taken of the

proceeds and expenditures of the association, so long as the directors discharge their duties under the charter as to keeping up the cemetery.

2. SAME—*Rights of Lot Owners in Case of Neglect.*—On a proper showing in a court of equity of neglect upon the part of the Springdale Cemetery Association, the lot owners are entitled to a decree requiring the directors to set apart, and use for that purpose, such a fund as will be necessary to keep in good repair and condition such portion of the cemetery grounds as they have control of; walks, avenues, fences, etc.

**Memorandum.**—Proceedings in equity. In the Circuit Court of Peoria County; the Hon. THOMAS M. SHAW, Judge, presiding. Hearing on demurrer and bill dismissed; appeal by complainants. Heard in this court at the May term, 1894, and affirmed. Opinion filed December 13, 1894.

### APPELLANTS' BRIEF, H. W. WELLS, ATTORNEY.

A trustee must not deal with the trust property for his own benefit. Roseboom v. Whittaker, 32 Ill. 88; Dwight v. Blackman, 2 Mich. 330; Ellis v. Ward, 137 Ill. 509; Sheldon v. Rock, 30 Mich. 296; Terwilliger v. Brown, 44 N. Y. 237; Stickney v. Goudy, 132 Ill. 228; Catton v. Field, 28 Ill. App. 363.

The remedy for a breach of trust is the removal of the trustee and the appointment of a new trustee, not a setting aside the trust. Brower v. Callender, 105 Ill. 88.

The protection of trust property and the enforcement of the duties of a trustee is a favorite branch of equity jurisdiction. Natl. Bank v. Halle, 30 Ill. App. 22.

Equity has jurisdiction in any case which charges a violation of duty by a trustee, and seeks to enforce the performance of that duty. Sherman v. Leman, 137 Ill. 98.

Where the trustee appropriates the trust fund, fraud is presumed, and equity will set aside the fraudulent act and remove the trustee. Tolwe v. Ambs, 123 Ill. 414; Lehman v. Rothbarth, 111 Ill. 185.

A court of equity always has jurisdiction of any misappropriation or malfeasance of a trust. It will search the conscience of the trustee. It will enforce a trust, or it will remove a trustee and appoint another. Coats v. Woodworth, 13 Ill. 654; Brower v. Callender, 105 Ill. 88; Board, etc., v. Blakewell, 122 Ill. 340.

In case of waste or perversion of trust property on account of inability or indisposition of the trustee to execute the trust, equity may seize the property or fund and place it in the hands of another trustee who will execute the trust.    Ward v. Farwell, 97 Ill. 593.

Appellees' Brief, Jack & Tichenor, Attorneys.

In order to maintain his bill or compel discovery, the complainant must clearly show that he has a direct, personal interest in the subject-matter, and a proper title to institute a suit concerning it.    Story on Eq. Juris., 503–519.

Mr. Justice Harker delivered the opinion of the Court.

The Circuit Court sustained a demurrer to a bill in chancery, filed by appellants and Frank T. Corning, charging that the Springdale Cemetery Association was incorporated in 1855 by the legislature; that it accepted the trusts in the charter granted and began to do business; that it purchased the N. E. $\frac{1}{4}$, Sec. 34, T. 9 N., R. 8 E., Peoria county, Illinois, and other lands now occupied by it as a cemetery; that it paid $3,000 only for the above described land, although the deed recites a consideration of $10,380; that while the deeds to the association are in form in fee simple, it holds as trustee for the purpose of a cemetery; that its charter provided that expense of grading roads, making walks, fencing, etc., should be paid out of the proceeds of lots sold; that large sums of money had been collected from lot owners for work done by way of improving the grounds and large sums, aggregating between $100,000 and $200,000 had been realized by the association from sales of lots; that one Harvey Lightner and other directors, to the complainants unknown, have entire management of the cemetery, but keep all their doings secret; that said Lightner and the unknown directors have repudiated the charter; that they claim to be the owners of the cemetery and proclaim their intention to set apart part of the income of the cemetery for the care of the grounds,

and divide the balance among the members of the association for their private use; that they have already apportioned in that way much money as dividends, and that the affairs of the association have been grossly mismanaged by Lightner and others.

The bill shows that the complainants are interested as lot owners and prays that the directors may render an account to the court; that they be removed for gross malfeasance and that the court order an election by the lot owners for trustees to manage the association, or if the court shall decline to order such election that the court will appoint a receiver and direct the asssociation to turn over the books of account to him and that the court will decree a specific performance of the trust imposed by charter.

The complainants stood by their bill and it was dismissed. The Circuit Court properly sustained a demurrer to the bill.

The bill nowhere charges that the association has failed to keep the grounds in good repair and in good order as provided by the charter. No omission of duty either in keeping up the fences, in keeping the walks and avenues free from weeds and rubbish, or in keeping public vaults and receptacles in repair is charged. The only charge of neglect is that certain lots which have been sold have, by the owners, been allowed to grow up in weeds and become otherwise unsightly. No duty is imposed upon the association by charter to lay out money in keeping up these lots. Section 6 of the charter provides for the execution of deeds conveying in fee title to the purchasers of lots. Section 8 provides for the alienation of lots at will. The bill charges that large sums of money have been collected from lot owners for work done on lots, but that depends upon the contract with owners. Some lot owners doubtless prefer to have the association look after the improvement and beautifying of their lots. Others prefer to do that themselves. But if some owners neglect to improve and keep in rightful condition their lots, we are unable to discover any right in other lot owners to compel the association to do so. In our opinion appellants as complainants seeking relief in a court

of equity are entitled to no further decree than, on a proper showing of neglect upon the part of the association, to require the directors to set apart and use for that purpose such a fund as will be necessary to keep in good repair and condition such portion of the cemetery grounds as they have control of—walks, avenues, fences, etc.

Appellants have no right to an inspection of the books and to have an account taken of the proceeds and expenditures of the association, so long as the directors discharge their duties under the charter as to keeping up the cemetery. Decree affirmed.